JOSEPH FALKER, Appellant, *v.* THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY et al., Respondents.

The rule of the Supreme Court (Rule 2), requiring all papers served or filed to be indorsed or subscribed with the name of the attorney and his office address or place of business, does not require the office address to be stated more than once on the same paper.

Where, therefore, a copy of judgment was indorsed with the names of the plaintiff's attorneys and their office address, and below this was also indorsed a notice of judgment signed by said attorneys without giving their office address, *held,* that there was a sufficient compliance with the rule, and the notice was effectual to limit the time for appeal.

The attorneys of record for defendant were W., Mc. L. & D. The notice was served at their office, received by their managing clerk, entered in their register, and was retained. It was addressed to W. & Mc. L., a firm occupying the same office. W. was a member of both firms and the former existed only with reference to unfinished business. On previous occasions admissions of service of papers in this action served at the same office and addressed to W., Mc. L. & D. had been signed with the firm name of W. & Mc. L. *Held,* that the omission to insert in the address the names of all the partners did not, under the circumstances, invalidate the notice.

While strict practice must be pursued to limit the time to appeal, a mere inaccuracy in the notice of judgment which violates no rule of practice and is itself immaterial will not be sufficient to avoid it.

(Argued June 18, 1885 ; decided October 6, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made May 5, 1885, which denied plaintiff's motion to dismiss defendants' appeal from judgment entered herein.

The motion to dismiss was made upon the ground that the notice of appeal was not served within sixty days after service of notice of judgment and copy thereof. Defendants claim the notice to be defective and insufficient to limit the time to appeal.

The material facts are stated in the opinion.

*Louis Marshall* for appellant. An appeal to the General Term " must be taken within thirty days after service upon the appellant's attorney of a copy of the judgment appealed from, and a written notice of the entry thereof." (Code of Civ. Pro., § 1351.) If such copy of judgment and notice of entry is served, the right to appeal expires at the end of thirty days. ( *Wait* v. *Van Allen,* 22 N. Y. 322.) No court or judge is authorized to extend the time fixed by law within which to take an appeal. (Code of Civ. Pro., § 783 ; *Wait* v. *Van Allen,* 22 N. Y. 319 ; *Clapp* v. *Hawley,* 97 id. 610.) There is no require-ment of law that the office address shall be subscribed to the notice. It is sufficient if it is indorsed anywhere upon the paper served, so long as the desired information is given. ( *Devlin* v. *Mayor,* 62 How. Pr. 166 ; *Baker* v. *Hatfield,* 29 Hun, 670 ; *Yorks* v. *Peck,* 17 How. Pr. 192 ; *Kelly* v. *Sheehan,* 76 N. Y. 326 ; *Kilmer* v. *Hathorn,* 78 id. 228 ; Rule 2.) An absurd and arbitrary construction should not be given to rule 2 in order to nullify sections 1351 and 783 of the Code. ( *Palmer* v. *Wilson,* 75 N. Y. 251 ; *Clapp* v. *Hawley,* 97 id. 610.) The notice was sufficient, although addressed to Waters & McLennan, and not to Waters, McLennan & Dillaye. ( *Chase* v. *Bibbins,* 71 N. Y. 592 ; *Baker* v. *Hatfield,* 29 Hun, 670 ; 3 Civ. Pro. Rep. 303 ; *Bauder* v. *Coville,* 4 Cow. 60 ; *Doane* v. *Rice,* 11 Wend. 178.) The order denying plaintiff's motion to dismiss defendants' appeal is reviewable here. ( *Clapp* v. *Hawley,* 97 N. Y. 610 ; *Wait* v. *Van Allen,* 22 id. 321 ; *Bates* v. *Vorhees,* 20 id. 525 ; *Matter of N. Y. C. & H. R. R. R. Co.,* 60 id. 112 ; *Tracy* v. *First Nat. Bank,* 37 id. 523 ; *Leland* v. *Hathorn,* 42 id. 547 ; *Wright* v. *Brown,* 67

id..1; *Dunlap* v. *Patterson F. Ins. Co.*, 74 id. 145; *Blossom* v. *Estes*, 84 id. 614; *McHenry* v. *Jewett*, 90 id. 58.)

*M. M. Waters* for respondents. A party undertaking to limit the time for appealing·is held to strict practice. (*Matter of N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 112.) A notice of the entry of judgment, which is not indorsed or subscribed both by the name of the attorney and his office address or place of business as required by the general rules of practice (Rule 2),·is irregular and ineffectual to limit the time for appealing. (*Kelly* v. *Sheehan*, 76 N. Y. 325.) The act of Waters & McLennan, attorneys, will be disregarded by the court. (*Jerome* v. *People*, 1 Wend. 293; Rule 10, Sup. Ct.) A notice of entry of judgment must not only be subscribed by the attorneys, with the addition of their office and post-office address, but must be addressed to the attorneys of record in the action. It must be served on the attorney of the party who appeals. (*Fry* v. *Bennett*, 7 Abb. Pr. 352; Code of Civ. Pro., § 1351)

RAPALLO, J. We think the notice of entry of judgment complied with rule 2, which provides that "all papers served or filed must be indorsed or subscribed with the name of the attorney or attorneys, and his or their office address or place of business." The notice was signed by the plaintiff's attorneys and was indorsed upon the copy judgment served therewith. The whole paper was indorsed with the names of the plaintiff's attorneys and their office address. The rule does not require that the office address be stated more than once upon the same paper or set of papers.

The other objection stated is that the notice was not properly addressed. The attorneys of record were Waters, McLellan & Dillaye. The notice was served at the office where they transacted their business, was received by their managing clerk and marked by him and entered in their register, but it was addressed to the firm of Waters & McLellan, who occupied the same office. On previous occasions admissions of service

of papers in this action, served at the same office and addressed
to Waters, McLellan & Dillaye, had been signed with the
firm name of Waters & McLellan. Waters belonged to both
firms, and the former firm existed only with reference to un-
finished business. There is no rule covering such a case. The
notice was served at the proper office and delivered to the
proper person, and was retained, and as no one could have been
prejudiced by the omission to insert in the address the names
of all the partners in the firm of attorneys, we think the ser-
vice should be held sufficient. Although strict practice must
be pursued to limit the time to appeal, and even a technical ir-
regularity in giving the required notice will be considered,
still there must be some irregularity, and a mere inaccuracy
in the notice which violates no rule of practice and is in itself
immaterial, will not be sufficient to avoid it.

The appeal not having been taken until seventy-three days
after the service of the copy judgment and notice of entry,
was too late, and the motion to dismiss should have been
granted.

Order appealed from reversed and motion granted, with
costs.

All concur.

Ordered accordingly.