### HARNETT v. WESTCOTT.

(*Superior Court of New York City, General Term. June 20, 1888.*)

1. PRACTICE IN CIVIL CASES—SERVICE OF PAPERS—ATTORNEY'S ADDRESS.
   Under court rule No. 2, requiring papers served or filed in an action to be indorsed with the name and address of the attorney, service of a copy of a judgment, and notice of entry thereof, written or printed on different sheets of paper, but securely attached together, with such indorsement on one sheet, is sufficient.

2. APPEAL—REVIEW—DISCRETION OF TRIAL COURT.
   When an appeal from a judgment, and an order denying a new trial, is dismissed as to the judgment only, for not being taken in time, such dismissal is not necessarily followed by the reversal of an order staying proceedings on the judgment pending the appeal, the trial judge having ordered such stay, in the exercise of his discretion, to prevent threatened proceedings to enforce such judgment.

Appeal from jury term; P. H. DUGRO, Judge.

Action by Richard V. Harnett against Robert E. Westcott, as president of Westcott's Express Company, to recover the value of a trunk and its contents. Verdict and judgment for plaintiff for $690, from which judgment, and an order denying a motion for a new trial, defendant appealed.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*E. Luther Hamilton,* for appellant.    *Ira D. Warren,* for respondent.

FREEDMAN, J.    This case comes before the court (1) on a motion made by the plaintiff to dismiss defendant's appeal from the judgment on the ground that, at the time of the service of the notice of appeal, the defendant's time to appeal from the judgment had expired; and (2) on plaintiff's appeal from an order staying all proceedings to enforce the judgment until after the determination of defendant's appeal, which was from the judgment and an order denying defendant's motion for a new trial.

The plaintiff's right to have defendant's appeal from the judgment dismissed on the ground that it was not taken in time depends upon the sufficiency of the notice of entry of judgment which was served. Section 1351 of the Code of Civil Procedure prescribes that an appeal to the general term must be taken within 30 days after service, upon the attorney for the appellant, of a copy of the judgment or order appealed from, and a written notice of the entry thereof. The issues having been tried at a jury term, and a verdict having been rendered for the plaintiff, the appropriate judgment thereon was entered March 24, 1888, and on the same day a copy of such judgment was duly served on defendant's attorney personally. The copy judgment so served filled one side of a sheet of white paper; and securely attached to the back of such sheet was another sheet, of colored paper, of the same size. The outside of the colored sheet contained, at the top thereof, the following notice, viz: "Take notice that the within is a copy of a judgment this day duly made in this action, and entered in the office of the clerk of this court. *New York, March* 24, 1888.    Yours, etc., IRA D. WARREN, Plaintiff's Attorney. *To E. Luther Hamilton, Esq., Defendant's Attorney.*" And, as folded up and served with the copy of the judgment, the colored sheet further contained on its outside, and in a plain and conspicuous manner, the following indorsement, viz.: "NEW YORK SUPERIOR COURT.    *Richard V. Harnett* against *Robert E. Westcott, as President of Westcott's Express Company.* Copy. Judgment and notice of entry.    IRA D. WARREN, Attorney for Plaintiff, No. 170 Broadway, New York City, N. Y." Under precisely the same indorsement, contained on a duplicate copy, the defendant's attorney gave the following

admission, viz.: "Due and timely service of a copy of the within judgment is hereby admitted. *Dated New York, March* 24, 1888.   E. LUTHER HAMILTON, Attorney for Defendant." Upon these facts it is clear that if the notice of entry of judgment so served, with a copy of the judgment, was a sufficient notice, the defendant's time to appeal from the judgment expired April 23d, and the service of the notice of appeal on May 4th was too late, so far as the judgment is concerned. The defendant insists, however, that the notice of entry of judgment was insufficient, because it did not contain the office and post-office address of plaintiff's attorney, as required by rule 2 of the rules of the courts; and upon this point he cites *Kelly* v. *Sheehan,* 76 N. Y. 325; *Kilmer* v. *Hathorn,* 78 N. Y. 228; *Fortsmann* v. *Shulting,* 107 N. Y. 644, 14 N. E. Rep. 190. An examination of these cases shows that in every one of them the papers served, taken as a whole, nowhere contained the address of the attorney for the prevailing party. On the other hand, it has been distinctly held in *Falker* v. *Railway Co.,* 100 N. Y. 86, 2 N. E. Rep. 628, and in *People* v. *Keator,* 101 N. Y. 610, 3 N. E. Rep. 903, that the notice of entry of the judgment or order may be indorsed 'upon the copy judgment or order served therewith; and that if the papers so served, taken as a whole, contain an indorsement showing the name and address of the attorney of the prevailing party as prescribed by the rule, it is sufficient, because the rule does not require that these matters should be stated more than once upon the same paper or set of papers. Under these decisions, the notice of entry of judgment which was served in the case at bar was sufficient, and consequently the service by defendant, on May 4th, of a notice of appeal from the judgment, was too late. The motion to dismiss the appeal from the judgment must therefore be granted.

This, however, does not necessarily call for a reversal of the order granting the stay. The order denying defendants' motion for a new trial was entered April 9, 1888, and the notice of appeal, although ineffectual as to the judgment, was good as to the order. The notice of appeal, and the copy undertaking served therewith, for the purpose of effectuating a stay, having been returned with a notice which claimed, in effect, that they had not been served in time for any purpose, and the plaintiff having threatened to enforce the judgment, the defendant had a right to apply by motion for a stay. A case was thus made out for the exercise of the discretion of the learned judge below, and upon all the facts disclosed it cannot be maintained that such discretion was improperly exercised.

For the foregoing reasons I am of the opinion that plaintiff's motion to dismiss defendant's appeal should be granted, in so far as said appeal relates to the judgment; that the order granting a stay should be affirmed, but its operation limited to the appeal from the order denying motion for a new trial; and that neither party should have costs against the other.