By the Court.—Freedman, J. (after stating the facts as above)
Upon these facts it is clear that, if the notice of entry of judgment so served with a copy of the judgment was a sufficient notice, the defendant’s time *132 to appeal from the judgment expired April 23, and the service of the notice of appeal on May 4, was too late so far as the judgment is concerned.
■ The defendant insists, however, that the notice of entry of judgment was insufficient because it did not contain the office and posboffice address of plaintiff’s attorney, as required by rule 2 of the rules • of the Courts, and upon this point he cites Kelly v. Sheehan, 76 N. Y. 325; Kilmer v. Hathorn, 78 Ib. 228 ; and Forstman v. Shutting, 107 Ib. 644.
An examination of these cases shows that in every one of them the papers served, taken as a whole, nowhere contained the address of the attorney for the prevailing party.
On the other hand it has been distinctly held in Falker v. The N. Y., West Shore & Buffalo Railway Co., 100 N. Y. 86, and in The People &c. v. Keator, 101 Ib. 610, that the notice of entry of the judgment or order may be indorsed upon the copy judgment or order served therewith, and that if the papers so served, taken as a whole, contain an indorsement showing the name and address of the attorney of the prevailing party as prescribed by the rule, it is sufficient, because the rule does not require that these matters should be stated more than once upon the same paper or set of papers. Under these decisions the notice of entry of judgment which was served in the case at bar, was sufficient, and consequently the service by defendant on May 4 of a notice of appeal from the judgment was too late. The motion to dismiss the appeal from the judgment must therefore be granted.
This, however, does not necessarily call for a reversal of the order granting the stay. . The order denying defendant’s motion for a new trial was entered April 9, 1888, and the notice of appeal, although ineffectual as to the judgment, was good as to the order. The notice of appeal and the copy undertaking served therewith for the purpose of effectuating a stay, having been returned *133 with a notice which claimed in effect that they had not been served in time for any purpose, and the plaintiff having threatened to enforce the judgment, the defendant had a right to apply by motion for a stay. A case was thus made out for the exercise of the discretion of the learned judge below, and upon all the facts disclosed it cannot be maintained that such discretion was improperly exercised.
For the foregoing reasons I am of the opinion that plaintiff’s motion to dismiss defendant’s appeal should be granted in so far as said appeal relates to the judgment ; that the order granting a stay should be affirmed, but its operation limited to the appeal from the order denying motion for new trial; and that neither party should have costs against the other.
Sedgwick, Ch. J., and Truax, J., concurred.