■ TYRON DEYGOO, Respondent, v EASTERN ABSTRACT CORP., Appellant, et al., Defendant. [612 NYS2d 415] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Eastern Abstract Corp. appeals from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated January 3, 1992, which, *inter alia,* is in favor of the plaintiff and against it in the principal amount of $30,000, and (2) an order of the same court (Durante, J.), dated August 11, 1992, which denied its motion to vacate the judgment.

Ordered that the appeal from the judgment is dismissed as untimely; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal by Eastern Abstract Corp. (hereinafter Eastern) from the judgment dated January 3, 1992, is dismissed as untimely. An appeal must be taken within 30 days after the appellant is served with a copy of the judgment appealed from and written notice of its entry *(see,* CPLR 5513 [a]). The record shows that the plaintiff mailed a copy of the judgment with notice of entry to Eastern's counsel on February 24, 1992, but Eastern's notice of appeal was dated October 8, 1992. "A properly executed affidavit of service raises a presumption that a proper mailing occurred" *(Engel v Lichterman,* 62 NY2d 943, 944), and under CPLR 2103 (b) (2) service is complete upon mailing. We find that Eastern's counsel failed to provide sufficient notice of a change of address to the plaintiff's counsel, and therefore, the mailing of a copy of the judgment with notice of entry to the old address of Eastern's counsel was proper.

We also disagree with Eastern's claims that the notice of entry served on Eastern's counsel was insufficient to commence its 30-day period to appeal from the judgment. We recognize that a party seeking to limit the time of another to take an appeal is strictly held to the rules of practice, and the failure to comply therewith will not be overlooked *(see, Good v Daland,* 119 NY 153; *Kelly v Sheehan,* 76 NY 325; *Nagin v Long Is. Sav. Bank,* 94 AD2d 710). However, "a mere inaccuracy in the notice which violates no rule of practice and is in itself immaterial, will not be sufficient to avoid" the time to appeal *(Falker v New York W. Shore & Buffalo Ry. Co.,* 100 NY 86, 89). Although the plaintiff failed to include the index number of the case *(see,* CPLR 2101 [c]), Eastern waived its objection to any defect in the form of the notice of entry by failing to return it within two days after receiving it *(see,*

CPLR 2101 [f]). The remaining complaints raised by Eastern did not violate any rule of practice and were immaterial *(see, Falker v New York W. Shore & Buffalo Ry. Co., supra)*. Thus, we find that the judgment and notice of entry served on Eastern's counsel was sufficient to commence the running of its time to appeal *(see, Norstar Bank v Office Control Sys.,* 78 NY2d 1110, 1111).

While we agree with Eastern that the court had discretion to vacate the judgment dated January 3, 1992, upon Eastern's motion *(see, Ladd v Stevenson,* 112 NY 325), we find no basis on this record to vacate that judgment.

We have examined Eastern's remaining contentions and find them without merit. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.