■ RITTA ROSENBAUM, Appellant, v PAUL SCOTT, Respondent. [649 NYS2d 170] —In an action to recover on three promissory notes, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 11, 1995, which granted the defendant's motion to vacate a judgment entered upon his default in appearing for a deposition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether proper service was made upon the defendant in accordance with the requirements of CPLR 2103 (b) (2) and (c) and a de novo determination on the motion.

After the defendant was no longer being represented by counsel and had failed to respond to numerous deposition and discovery demands, the plaintiff moved to strike the defendant's answer for failure to appear at his deposition. On February 5, 1993, the Supreme Court issued a conditional order striking the defendant's answer unless he appeared at a court-ordered

deposition. The defendant failed to appear at the deposition and thereafter a default judgment was entered against him.

The plaintiff's papers raise an issue of fact as to whether a copy of the conditional order to strike the defendant's answer with notice of entry was mailed to the defendant's last known business address. The plaintiff's counsel has failed to submit a properly executed affidavit of service to support his allegation that he mailed the conditional order to strike with notice of entry to the defendant on February 16, 1993 (*see, Engel v Lichterman,* 62 NY2d 943).

We reject the defendant's contention that even if a proper mailing had occurred, service was defective because he was no longer employed at the address where all of the interlocutory papers had previously been sent. We find that the defendant failed to provide sufficient notice of a change of a business address to the plaintiff's counsel, and therefore, the mailing of a copy of the conditional order with notice of entry to the defendant's old business address would have been proper (*see,* CPLR 2103 [b] [2]; [c]; *Deygoo v Eastern Abstract Corp.,* 204 AD2d 596).

Accordingly, the matter must be remitted for a hearing as to whether the plaintiff properly served the conditional order dated February 16, 1993, and for a de novo determination of the defendant's motion. Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.