■ EDWARD BURNS, Respondent, v J & L TANK REPAIR, INC., Appellant. [690 NYS2d 442] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 5, 1999, which, in a products liability case by a Westchester County resident against a Bronx County repair company for personal injuries sustained on the job in Orange County, denied defendant's motion pursuant to CPLR 510 (3) to change venue from Bronx County to Westchester County, or, in the alternative, to Orange County, unanimously affirmed, with costs.

The change of venue from the Bronx, where defendant resides, to Westchester, where plaintiff resides, was properly denied absent a showing as to how the two witnesses identified by defendant who are not its employees, namely, the owner and a managerial employee of the Westchester County company plaintiff works for, would be inconvenienced by having to travel to Bronx County from their Westchester County residences; indeed, there was no showing that these witnesses were contacted and are willing to testify (*see, Cardona v Aggressive Heating*, 180 AD2d 572; *Chimarios v Duhl*, 152 AD2d 508). Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.

■ CATHEDRAL PARKWAY ASSOCIATES et al., Respondents, v RICHARD DONALD CONSULTING STRUCTURAL ENGINEER, P. C., et al., Appellants. [689 NYS2d 640] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered January 5, 1999, which denied defendants' motion to vacate a prior order, same court (Leland Degrasse, J.), entered February 6, 1998, granting, upon default, a motion by plaintiffs to restore the action to the calendar, unanimously affirmed, without costs.

Plaintiffs' attorney properly mailed the motion to restore to the address that defendants' attorney had designated as his office in the first set of papers he served on plaintiffs' attorney (*Deygoo v Eastern Abstract Corp.*, 204 AD2d 596, *lv dismissed in part and denied in part* 84 NY2d 920). Nor was plaintiffs' attorney required by CPLR 2103 (c) to serve the motion directly on defendants, notwithstanding that the case had been off-calendar for more than a year and presumptively abandoned, absent any indication that defendants' attorney had withdrawn in accordance with CPLR 321 (b). We have considered defendants' other arguments and find them unavailing. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.