MARYLOU KRESCH et al., Respondents, v SUANNE SAUL et al., Appellants. [816 NYS2d 147]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated January 12, 2005, which granted the plaintiffs' motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants and against them as against the weight of the evidence and for a new trial on the issue of damages.

Ordered that the order is affirmed, with costs.

On this appeal from an order granting the plaintiffs' motion to set aside a jury verdict in favor of the defendants and against them and for a new trial on the issue of damages, the defendants claim only that the Supreme Court should not have entertained the motion as it was untimely. We disagree. "A motion on notice is made when a notice of the motion or an order to show cause is served" (CPLR 2211; *see Russo v Eveco Dev. Corp.*, 256 AD2d 566, 566 [1998]). Service upon a party's attorney by mail "shall be complete upon mailing" (CPLR 2103 [b] [2]). " 'Mailing' means the deposit of a paper enclosed in a first class postpaid wrapper, addressed to the address designated by a person for that purpose or, if none is designated, at that person's last known address, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the state" (CPLR 2103 [f] [1]).

Here, an affidavit of service established that the plaintiffs' motion was served on the defendants on December 9, 2004 (*see* CPLR 2103 [b] [2]). Contrary to the defendants' contention, the postmark dated December 11, 2004, on the envelope in which they received the motion did not establish that service was not completed on December 9, 2004 (*see* CPLR 2103 [b] [2]; [f] [1]; *Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.*, 63 NY2d 742, 742 [1984]). Notwithstanding the Supreme Court's conflicting instructions that the plaintiffs had until December 8, 2004, by which to make their motion and that they had 30 days from November 10, 2004, within which to make their motion, we conclude that their motion, made on December 9, 2004 (*see* CPLR 2211), which was within 30 days from November 10, 2004 (*see* General Construction Law § 20), was timely. Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.