■ J.C. RYAN EBCO/H&G, LLC, on Behalf of Itself and All Other Subcontractors Similarly Situated, Respondent, v CYBER-STRUCT, INC., et al., Appellants, et al., Defendant. [23 NYS3d 269]—

In a class action pursuant to article 3-A of the Lien Law to recover damages for diversion of trust assets, the defendants Cyber-Struct, Inc., Louis Zuccaro, also known as Lou Zuccaro, also known as Louie Zuccaro, and Patrick Fierro, also known as Patsy Fierro, also known as Pat Fierro, appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated September 20, 2013, which denied their motion to vacate so much of a judgment of the same court entered May 12, 2008, as, upon their failure to oppose the plaintiffs' motion for summary judgment, was in favor of the plaintiffs and against them in the total sum of $619,289.92.

Ordered that the order is affirmed, with costs.

J.C. Ryan EBCO/H&G, LLC, commenced this class action on behalf of itself and all other subcontractors similarly situated, against, among others, Cyber-Struct, Inc., Louis Zuccaro, also known as Lou Zuccaro, also known as Louie Zuccaro, and Patrick Fierro, also known as Patsy Fierro, also known as Pat Fierro (hereinafter collectively the appellants), to recover damages for diversion of trust assets pursuant to article 3-A of the Lien Law. The appellants were served with the summons and complaint at their business address located at 9201 4th Avenue in Brooklyn and jointly answered the complaint on June 16, 2003. On December 16, 2005, the Supreme Court granted the motion of the appellants' attorney to be relieved as counsel. In 2008, the plaintiffs moved for summary judgment on the complaint and mailed copies of the motion papers to the same Brooklyn business address at which the appellants were previ-

ously served with process. The appellants never responded to the motion, resulting in the entry of a default judgment against them. Thereafter, the appellants moved to vacate the default judgment, claiming that they never received the motion papers because, by the time the papers were mailed to them, the business had relocated to 5718 3rd Avenue in Brooklyn. They further argued that since they were never served with notice of the motion for summary judgment, they never had an opportunity to oppose the motion before entry of the default judgment and, thus, their motion to vacate the default judgment should have been granted.

Contrary to the appellants' contentions, the plaintiffs' motion was properly served upon them. Inasmuch as the appellants were self-represented when the motion for summary judgment was served, service of the motion upon them was governed by CPLR 2103 (c) and should have been made by mail to either an address they designated or their last known address (*see* CPLR 2103 [b] [2]; *Kresch v Saul*, 29 AD3d 863 [2006]; *Matter of Hausman v Hausman*, 27 AD3d 464 [2006]). Since the appellants did not designate an address, the plaintiffs acted properly in serving the appellants by mailing the motion papers to their former business address (*see Deygoo v Eastern Abstract Corp.*, 204 AD2d 596 [1994]; *Chyrywaty v Chyrywaty*, 102 AD2d 1009 [1984]), which had been admitted in their answer.

Under these circumstances, the Supreme Court properly denied the appellants' motion to vacate the judgment. In order to vacate a judgment entered upon a party's failure to oppose a motion, that party must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see Hogan v Schwartz*, 119 AD3d 650, 651 [2014]). Here, the appellants failed to establish a reasonable excuse for their default. The proffered excuse that they did not receive notice of the motion because the motion papers were mailed to their former business address does not constitute a reasonable excuse. The mailing to their last known address was proper (*see* CPLR 2103 [c]), as they failed to take any steps to inform the Supreme Court, the plaintiffs, or the United States Postal Service of their new address (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *ACT Props., LLC v Garcia*, 102 AD3d 712 [2013]; *Reich v Redley*, 96 AD3d 1038 [2012]; *Brownfield v Ferris*, 49 AD3d 790 [2008]; *Wynne v Wagner*, 262 AD2d 556 [1999]). Since the appellants failed to offer a reasonable excuse for their default, jointly or individually, we need not consider whether they had a poten-

tially meritorious opposition to the motion (*see Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284 [2014]).

The appellants' remaining contentions are not properly before this Court. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.