Wachovia Mtge., FSB v Coleman (2019 NY Slip Op 02379)





Wachovia Mtge., FSB v Coleman


2019 NY Slip Op 02379


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-03947
2018-01262
 (Index No. 23791/09)

[*1]Wachovia Mortgage, FSB, etc., respondent 
v
Peter Coleman, appellant, et al., defendants.


Donohue, McGahan, Catalano & Belitsis, Jericho, NY (James M. McGahan of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Peter Coleman appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 29, 2015, and a (2) judgment of foreclosure and sale of the same court entered November 14, 2017. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate two orders of the same court, both dated May 21, 2014, which, upon that defendant's default in opposing the plaintiff's motion for summary judgment on the complaint insofar as asserted against him and to appoint a referee to compute the amount due and owing to the plaintiff, among other things, granted the plaintiff's motion. The judgment of foreclosure and sale is in favor of the plaintiff and against that defendant, inter alia, directing the sale of the subject property.
ORDERED that the appeal from the order entered May 29, 2015, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 14, 2007, the defendant Peter Coleman (hereinafter the defendant) executed a promissory note in the amount of $290,000. The note was secured by a mortgage encumbering real property located in Uniondale. The defendant subsequently defaulted on the loan by failing to make monthly installment payments in December 2008 and thereafter. In November 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others.
In September 2013, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due and owing to the plaintiff. The defendant did not oppose the plaintiff's motion. In two orders, both dated May 21, 2014, the Supreme Court granted the plaintiff's motion without opposition. In August 2014, the defendant moved, inter alia, to vacate the May 21, 2014, orders. In an order [*2]entered May 29, 2015, the Supreme Court denied the defendant's motion. Thereafter, a judgment of foreclosure and sale was entered on November 14, 2017, in favor of the plaintiff. The defendant appeals from the order entered May 29, 2015, and the judgment of foreclosure and sale.
The appeal from the order entered May 29, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). The determination of what constitutes a reasonable excuse is within the sound discretion of the Supreme Court (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705).
The defendant's contention that his default should be excused because the plaintiff's motion papers were mailed to his attorneys at the attorneys' former address is without merit. CPLR 2103(b)(2) provides, in relevant part, that service of papers in a pending action upon a party's attorney shall be made "by mailing the paper[s] to the attorney at the address designated by that attorney for that purpose or, if none is designated, at [that] attorney's last known address." Here, the defendant failed to establish that the plaintiff was given proper and sufficient notice of the defense attorneys' apparent change of address, and therefore, the plaintiff properly mailed the summary judgment motion papers to the attorneys' last address known to the plaintiff (see Deygoo v Eastern Abstract Corp., 204 AD2d 596; see also J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d 901, 902). Therefore, the defendant failed to establish a reasonable excuse for his default in opposing the plaintiff's motion (see J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d at 902; Deygoo v Eastern Abstract Corp., 204 AD2d at 596).
In any event, even if the defendant had demonstrated a reasonable excuse for his default, he failed to establish a potentially meritorious opposition to the plaintiff's motion. The defendant's bare, conclusory, and unsubstantiated challenges to the admissibility and probative value of the plaintiff's submissions on the motion for summary judgment were insufficient for this purpose (see generally Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990; Chase Home Fin., LLC v Weinfeld, 159 AD3d 867, 868; Law Off. of Civardi & Obiol, P.C. v Weisberg & Weisberg, 137 AD3d 1226, 1227; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 983).
The defendant's remaining contention is without merit (see CPLR 3216[b][3]; [c], [e]; Cadichon v Facelle, 18 NY3d 230, 235-236; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion, inter alia, to vacate the two orders granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him, upon his default in opposing the motion.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court