Nico v Olajitan (2024 NY Slip Op 03760)

Nico v Olajitan

2024 NY Slip Op 03760

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-04585
2023-06651
 (Index No. 152017/19)

[*1]Erika Nico, et al., respondents, 
v
Adebambo Olajitan, et al., appellants.

Thorgood Law Firm (Shamsey T. Oloko and Roland R. Acevedo, New York, NY, of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C. (Daniel E. Scully, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated March 7, 2023, and (2) an order of the same court dated April 28, 2023. The order dated March 7, 2023, insofar as appealed from, denied that branch of the defendants' motion which was, in effect, to vacate (1) an order of the same court dated August 14, 2020, granting the plaintiffs' unopposed motion for leave to enter a default judgment against the defendants, and (2) a judgment of the same court dated October 17, 2022, made after an inquest on the issue of damages, which is in favor of the plaintiff Craig Nico and against the defendants in the principal sum of $75,000. The order dated April 28, 2023, insofar as appealed from, denied those branches of the defendants' motion which were for leave to reargue that branch of the defendants' prior motion which was, in effect, to vacate the order dated August 14, 2020, and the judgment dated October 17, 2022, and pursuant to CPLR 5015(a)(3) to vacate the default judgment entered against them.
ORDERED that the appeal from so much of the order dated April 28, 2023, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Saks v Saks, 199 AD3d 950); and it is further,
ORDERED that the order dated March 7, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated April 28, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In 2019, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for injuries that the plaintiff Craig Nico alleged he sustained at premises owned by the defendants located in Staten Island (hereinafter the Staten Island premises). After the defendants failed to appear or answer the complaint, the plaintiffs moved for leave to enter a default judgment [*2]against them. In an order dated August 14, 2020 (hereinafter the August 2020 order), the Supreme Court granted the plaintiffs' unopposed motion. Following an inquest on the issue of damages, a judgment dated October 17, 2022, was entered in favor of Craig Nico and against the defendants in the principal sum of $75,000 (hereinafter the 2022 judgment).
In December 2022, the defendants moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the August 2020 order and the 2022 judgment. By order dated March 7, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion. Thereafter, the defendants moved, inter alia, for leave to reargue that branch of their prior motion which was, in effect, to vacate the August 2020 order and the 2022 judgment and pursuant to CPLR 5015(a)(3) to vacate the default judgment entered against them. By order dated April 28, 2023, the court, among other things, denied those branches of the defendants' motion. The defendants appeal from the order dated March 7, 2023, and the order dated April 28, 2023.
"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652). "In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245). "The determination of what constitutes a reasonable excuse is within the sound discretion of the Supreme Court" (id.).
Contrary to the defendants' contentions, the plaintiffs' motions were properly served upon them. Inasmuch as the defendants were self-represented, service was governed by CPLR 2103(c) and should have been made by mail to either an address they designated or their last known address (see J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d 901, 902). Since the defendants did not appear in the action or designate an address, the plaintiffs acted properly in serving the defendants by mailing the motion to the defendants' last known address, which was the Staten Island premises (see Wachovia Mtge., FSB v Coleman, 170 AD3d at 1245). Therefore, the defendants failed to establish a reasonable excuse for their default in opposing the plaintiffs' motion for leave to enter a default judgment against them (see J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d at 902). The defendants also failed to set forth a reasonable excuse for their failure to answer the complaint (see Glanz v Parkway Kosher Caterers, 176 AD3d 686, 688). Since the defendants did not demonstrate a reasonable excuse for their failure to answer the complaint or to oppose the plaintiffs' motion for leave to enter a default judgment against them, we need not consider whether they demonstrated the existence of a potentially meritorious defense to the action or a potentially meritorious opposition to the motion for the purposes of CPLR 5015(a)(1) (see Barnett v Diamond Fin. Co., Inc., 202 AD3d at 652-653).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court