Gutierrez v Hillside Hotel, LLC (2025 NY Slip Op 00083)

Gutierrez v Hillside Hotel, LLC

2025 NY Slip Op 00083

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2023-01997
 (Index No. 708636/22)

[*1]Norma Gutierrez, respondent,
v
Hillside Hotel, LLC, appellant.

Lester Korinman Kamran Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (Jonathan D. Moran of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 30, 2023. The order, insofar as appealed from, denied those branches of the defendant's motion which were to vacate a prior order of the same court (Chereé A. Buggs, J.) entered May 4, 2017, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant and for an immediate inquest on the issue of damages, and a judgment of the same court (Timothy J. Dufficy, J.) entered July 31, 2018, which is in favor of the plaintiff and against the defendant in the principal sum of $5,000,000.
ORDERED that the order entered January 30, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced the instant action on September 14, 2016, to recover damages for personal injuries she allegedly sustained while working at a construction site on property owned by the defendant, Hillside Hotel, LLC. On September 19, 2016, the plaintiff served the defendant pursuant to Limited Liability Company Law § 303(a) by delivery of copies of the summons and complaint to the Secretary of State. The defendant failed to appear or answer the complaint, and on January 26, 2017, the plaintiff moved for leave to enter a default judgment against the defendant and for an immediate inquest on the issue of damages. In an order entered May 4, 2017 (hereinafter the default order), the Supreme Court granted the plaintiff's unopposed motion and directed an inquest on the issue of damages. On June 26, 2018, the defendant failed to appear for the inquest. On July 31, 2018, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $5,000,000.
On March 29, 2022, the defendant moved, inter alia, pursuant to CPLR 317 and 5015(a)(3) and (4) and in the interests of substantial justice to vacate the default order and the judgment. In an order entered January 30, 2023, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
The Supreme Court properly determined that the defendant failed to demonstrate its [*2]entitlement to relief pursuant to CPLR 317. That section permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (id.; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). Mere denial of receipt of the summons and complaint is insufficient to warrant relief under CPLR 317 (see Garrick v Charles, 222 AD3d 724, 727; Kokolis v Wallace, 202 AD3d 948, 950). Here, the defendant failed to demonstrate that it did not receive actual notice of the action in time to defend itself (see Garrick v Charles, 222 AD3d at 727; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; cf. Drillman v Marsam Realty 13th Ave., LLC, 129 AD3d 903, 903-904).
Contrary to the defendant's contention, the defendant failed to demonstrate that vacatur of the default order or the judgment was warranted on the ground that the plaintiff improperly served the interlocutory papers in this action, including the plaintiff's motion, inter alia, for leave to enter a default judgment, at an incorrect address. "[T]he failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 125; see 21st Mtge. Corp. v Raghu, 197 AD3d 1212). A defendant may establish that a motion was improperly served by proffering evidence that the plaintiff mailed the motion papers to an incorrect address (see Wilmington Sav. Fund Socy., FSB v Sheikh, 183 AD3d 783, 784). However, the defendant failed to make such a showing. The plaintiff served the defendant at the same address that the defendant had designated for service of process in its biennial statement filed with the New York State Department of State, and the defendant did not update such address until nearly a year after entry of the judgment in the instant action. Contrary to the defendant's contention, the mere fact that the address designated by the defendant for service of process differed from the address of the defendant's property where the plaintiff's injury occurred was insufficient to put the plaintiff on notice that the designated address was outdated (cf. Matter of Cullen v New York State Div. of Tax Appeals, 30 AD3d 850, 850). Moreover, there is no evidence that the defendant gave the plaintiff notice of a change in address. Accordingly, the defendant failed to demonstrate that the plaintiff's service of interlocutory papers in this action was improper (see Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245; J.C. Ryan EBCO/H & G, LLC v Cyber-Struct, Inc., 134 AD3d 901, 902; Rosenbaum v Scott, 233 AD2d 312, 313).
The defendant also failed to demonstrate that vacatur of the default order or the judgment was warranted in the interests of substantial justice. "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see LaSalle Bank, N.A. v Delice, 175 AD3d 1283). A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where "unique or unusual circumstances . . . warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 719). Here, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Cox v Marshall, 161 AD3d at 1142).
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court