■ SHERRY GARCIA, Appellant, v KENNETH J. SHAW, JR., Respondent. [988 NYS2d 674]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated May 29, 2013, which denied her motion, in effect, to vacate an order of the same court entered February 18, 2010, granting the defendant's unopposed motion for summary judgment dismissing the complaint, and a judgment entered thereon, and thereupon to deny the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated May 29, 2013, is affirmed, with costs.

A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029 [2013]; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662 [2009]). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792 [2013]). Here, the Supreme Court did not improvidently exercise its discretion in refusing to accept the plaintiff's explanation for failing to oppose the defendant's motion (see Byers v Winthrop Univ. Hosp., 100 AD3d 817, 819 [2012]; White v Daimler Chrysler Corp., 44 AD3d 651, 651-652 [2007]; cf. Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392 [2008]). Accordingly, we need not address the issue of whether the plaintiff demonstrated a potentially meritorious opposition to the motion (see Silva v Honeydew Cab Corp., 116 AD3d 691 [2014]). Skelos, J.P., Leventhal, Cohen, LaSalle and Barros, JJ., concur.