■ Ishat Bhuiyan, an Infant, by Her Mother and Natural Guardian, Rehana Bhuiyan, et al., Appellants, v New York City Health & Hospitals Corporation, Respondent. [993 NYS2d 62]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated April 19, 2013, which denied their motion, in effect, to vacate an order of the same court dated July 20, 2012, granting the defendant's unopposed motion pursuant CPLR 3126 to dismiss the complaint.

Ordered that the order dated April 19, 2013 is affirmed, with costs.

A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see Garcia v Shaw*, 118 AD3d 943 [2014]; *Karamuco v Cohen*, 90 AD3d 998 [2011]; *Thapt v Lutheran Med. Ctr.*, 89 AD3d 837 [2011]; *Donovan v Chiapetta*, 72 AD3d 635, 636 [2010]). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the Supreme Court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default or defaults at issue" (*Swensen v MV Transp., Inc.*, 89 AD3d 924, 925 [2011] [internal quotation marks and citations omitted]).

Here, the Supreme Court providently determined that the plaintiffs failed to present a reasonable excuse for their failure to submit opposition papers. Contrary to the plaintiffs' conten-

tions, the defendant appropriately served its motion upon the pro se plaintiffs pursuant to CPLR 2103 (c) when the plaintiffs had not yet retained counsel.

Accordingly, we need not address the issue of whether the plaintiffs demonstrated a potentially meritorious opposition to the motion (*see Garcia v Shaw*, 118 AD3d at 943; *Silva v Honeydew Cab Corp.*, 116 AD3d 691, 692 [2014]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.