■ YAN LYUBOMIRSKY, Respondent, v LUBOV ARULIN, PLLC, et al., Appellants. [3 NYS3d 377]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated March 11, 2014, which granted the plaintiff's motion to vacate a prior order of the same court dated December 17, 2013, granting their unopposed motion pursuant to CPLR 3126 to strike the complaint for failure to comply with discovery demands.

Ordered that the order dated March 11, 2014, is affirmed, with costs.

A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see Bhuiyan v New York City Health & Hosps. Corp.,* 120 AD3d 1284 [2014]; *Garcia v Shaw,* 118 AD3d 943 [2014]; *Oller v Liberty Lines Tr., Inc.,* 111 AD3d 903 [2013]). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and will not be disturbed if the record supports such determination (*see White v Incorporated Vil. of Hempstead,* 41 AD3d 709, 710 [2007]). In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Oller v Liberty Lines Tr., Inc.,* 111 AD3d at 904; *Fried v Jacob Holding, Inc.,* 110 AD3d 56, 60 [2013]; *Moore v Day,* 55 AD3d 803, 804 [2008]; *Harcztark v Drive Variety, Inc.,* 21 AD3d 876, 876-877 [2005]).

Here, the Supreme Court providently exercised its discretion in excusing the plaintiff's default based upon his counsel's excuse of law office failure (*see* CPLR 2004), given the minimal delay in moving to vacate the default, the lack of prejudice to the defendants, and the lack of any intent to abandon the action (*see Moore v Day*, 55 AD3d at 804).

In addition, the plaintiff demonstrated a potentially meritorious opposition to the motion on the ground that the defendants failed to make a clear showing that the plaintiff's failure to comply with the defendants' discovery demands was willful and contumacious (*see Oller v Liberty Lines Tr., Inc.*, 111 AD3d at 904; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Moray v City of Yonkers*, 76 AD3d 618, 619 [2010]).

The defendants' remaining contention is without merit. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.