██ LAW OFFICE OF CIVARDI & OBIOL, P.C., Respondent, v WEISBERG & WEISBERG, Appellant. [27 NYS3d 400]—

In an action to recover damages for breach of contract and in quantum meruit, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered March 9, 2015, which denied its motion to vacate an order of the same court entered November 10, 2014, granting the plaintiff's unopposed motion for summary judgment on the issue of liability on the cause of action seeking to recover in quantum meruit and, thereupon, for a new determination of the plaintiff's motion.

Ordered that the order entered March 9, 2015 is affirmed, with costs.

A party seeking to vacate an order entered upon its failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Maniscalco v Mount Sinai Med. Ctr.*, 128 AD3d 1029, 1030 [2015]; *Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284, 1284 [2014]; *Garcia v Shaw*, 118 AD3d 943 [2014]; *Silva v Honeydew Cab Corp.*, 116 AD3d 691 [2014]). While the defendant's explanation for its default may constitute excusable law office failure (*see* CPLR 2005; *Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC*, 123 AD3d 986, 988 [2014]; *CMI Clothesmakers v Knopf*, 91 AD2d 675, 677 [1982]), the defendant did not sustain its burden of demonstrating a potentially meritorious opposition to the plaintiff's motion for summary judgment on the issue of liability on the cause of action to recover in quantum meruit (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the prior order entered upon its default. Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.