Arroyo v Starrett City, Inc. (2019 NY Slip Op 02050)





Arroyo v Starrett City, Inc.


2019 NY Slip Op 02050


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-00670
 (Index No. 23575/12)

[*1]Artemio Arroyo, respondent,
v
Starrett City, Inc., etc., appellant.


Seyfarth Shaw LLP, New York, NY (Paul H. Galligan and Jacob Oslick of counsel), for appellant.
Artemio Arroyo, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action to recover damages for a violation of Labor Law § 740, the defendant appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 2, 2016. The order granted the plaintiff's motion to vacate a prior order of the same court dated May 12, 2015, granting the defendant's unopposed motion to strike the complaint, restored the defendant's motion to the calendar, and extended the plaintiff's time to oppose the defendant's motion.
ORDERED that the order dated September 2, 2016, is affirmed, with costs.
The plaintiff commenced this action alleging that the defendant, his former employer, violated Labor Law § 740. The defendant allegedly terminated the plaintiff's employment in retaliation for his reporting that a coworker allegedly started a fire on the defendant's property at the direction of the defendant's management. The defendant moved to strike the complaint, based upon the plaintiff's alleged improper conduct during discovery. In an order dated February 10, 2015, the Supreme Court granted the motion of the plaintiff's attorney to withdraw as counsel and, in effect, adjourned the motion to strike until May 12, 2015.
The plaintiff, then pro se, did not appear in court on May 12, 2015, and the plaintiff had not submitted any opposition papers to the defendant's motion to strike. By order dated May 12, 2015, the Supreme Court granted the defendant's motion upon the plaintiff's default. The defendant served notice of the order dated May 12, 2015, on the plaintiff on May 26, 2015. Two weeks later, on June 9, 2015, the plaintiff, still pro se, moved to vacate the order dated May 12, 2015.
In an order dated September 2, 2016, the Supreme Court granted the plaintiff's motion to vacate, restored the defendant's motion to strike to the calendar, and extended the plaintiff's time to oppose the motion to strike. The defendant appeals.
A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see Kramarenko v New York Community Hosp., 134 AD3d 770, 772; [*2]Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790, 790). The determination of what constitutes a reasonable excuse for a default is within the sound discretion of the Supreme Court, and will not be disturbed if the record supports such determination (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 614). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (id.; see Kramarenko v New York Community Hosp., 134 AD3d at 772; Oller v Liberty Lines Tr., Inc., 111 AD3d 903, 904; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d at 790).
Under the circumstances here, the Supreme Court providently exercised its discretion in excusing the pro se plaintiff's default, based upon his failure to understand the significance of the adjourned date for the motion to strike upon his attorney's withdrawal, his expeditious action in moving to vacate the order, the lack of prejudice to the defendant, and the lack of any intent to abandon the action (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 615; Oller v Liberty Lines Tr., Inc., 111 AD3d at 904; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d at 791).
In addition, we agree with the Supreme Court's determination that a potentially meritorious defense to the motion to strike existed based on, inter alia, the lack of a showing that the plaintiff's failure to comply with the defendant's discovery demands was willful and contumacious (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 615; Oller v Liberty Lines Tr., Inc., 111 AD3d at 904).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion to vacate the order dated May 12, 2015.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court