Hamilton v New York Hosp. Queens (2020 NY Slip Op 02643)





Hamilton v New York Hosp. Queens


2020 NY Slip Op 02643


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-00874
 (Index No. 705817/15)

[*1]Frederick Hamilton, etc., appellant, 
v
New York Hospital Queens, et al., respondents, et al., defendants.


Daniella Levi & Associates, P.C., Fresh Meadows, NY (Steven L. Sonkin of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino, Amy E. Korn, and Laurie A. Annunziato of counsel), for respondent New York Hospital Queens.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent Paul Subroto.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered January 9, 2019. The order denied the plaintiff's motion to vacate an order of the same court dated September 27, 2018, granting the unopposed separate motions of the defendants New York Hospital Queens and Paul Subroto for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order entered January 9, 2019, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the plaintiff's motion to vacate the order dated September 27, 2018, is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In late April 2014, the plaintiff's decedent, Bridget Hamilton (hereinafter the decedent), died, allegedly as a result of sepsis that the defendants failed to treat before discharging her from their care. In June 2015, the plaintiff commenced this medical malpractice action against the defendant New York Hospital Queens (hereinafter the hospital), the defendant Paul Subroto, a treating physician (hereinafter together the defendants), and others.
Following discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Subsequently, the Supreme Court adjourned the return date of both motions to September 26, 2018, with the directive that the plaintiff complete discovery and electronically file opposition papers by September 5, 2018. The court further directed that reply papers be served by September 26, 2018, and that oral argument be held on that date as well. Upon the plaintiff's request, in late August 2018, the parties stipulated to adjourn the return date of the defendants' summary judgment motions from September 26, 2018, to November 14, 2018, with opposition papers due by October 24, 2018. In light of the parties' [*2]stipulation, the plaintiff did not serve opposition papers by September 5, 2018. The plaintiff's in-person request for the stipulated adjournment was denied by the court when the plaintiff appeared on September 26, 2018. In an order dated September 27, 2018, the court granted the defendants' motions as unopposed. In November 2018, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order dated September 27, 2018. The court denied the motion, and the plaintiff appeals.
A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614). In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (see id.).
Here, the Supreme Court's rules for adjournments in medical malpractice cases, of which the plaintiff had knowledge, required that the parties request an adjournment from the court in person. The plaintiff relies on law office failure to establish a reasonable excuse for not filing opposition papers on the date directed by the court. Law office failure may qualify as a reasonable excuse for vacating defaults (see Amaral v Smithtown News, Inc., 172 AD3d 1287). In this case, the Individual Part rule provides that requests to adjourn motions be made by a personal appearance in court on the return date, and the plaintiff appeared in person on the return date and requested an adjournment, to which the defendants had consented. Although the court was not required to adjourn the matter for the length of time specified in the parties' stipulation, it should have granted at least a brief adjournment. Moreover, the plaintiff's opposition papers were electronically filed with the court shortly after the September 27, 2018, order was issued, but before it was entered, and the plaintiff promptly moved to vacate his default in opposing the summary judgment motions.
Under the peculiar circumstances of this case, including the absence of prejudice to the defendants by the minor delay, the consent of the parties to an adjournment of the underlying return date (see Turko v Daffy's Inc., 111 AD3d 615, 616; Henry v Kuveke, 9 AD3d 476, 479), the absence of wilfulness, New York's public policy preference that actions be resolved on their merits (see Lyubormirsky v Lubov Arulin, PLLC, 125 AD3d 614; Bunch v Dollar Budget, Inc., 12 AD3d 391), and the potentially meritorious claims set forth in the affirmation of the plaintiff's physician (see Hogan v Schwartz, 119 AD3d 650, 652), the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate the order dated September 27, 2018.
Accordingly, we reverse the order entered January 9, 2019, and remit the matter to the Supreme Court, Queens County, for a determination on the merits of the defendants' separate motions for summary judgment which may, in the court's discretion, require further submissions by the plaintiff and/or the defendants.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court