Prakope v Public Stor. (2020 NY Slip Op 05245)





Prakope v Public Stor.


2020 NY Slip Op 05245


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-03048
 (Index No. 504508/13)

[*1]Theodore Prakope, et al., appellants,
v
Public Storage, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Miller & Lee LLP, Scarsdale, NY (Joseph Miller of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated January 29, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to renew their prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated April 17, 2015, entered upon their default, which had been denied in an order of the same court dated July 1, 2016, and, upon reargument, adhered to its prior determination in the order dated July 1, 2016, denying their prior motion.
ORDERED that the order dated January 29, 2019, is affirmed insofar as appealed from, with costs.
On August 6, 2013, the plaintiffs commenced this personal injury action against the defendant by electronically filing the summons and complaint with the clerk of the Supreme Court, Kings County, through the New York State Courts Electronic Filing System (hereinafter NYSCEF) site. On March 27, 2015, the defendant electronically filed a motion, inter alia, pursuant to CPLR 3126(3) to dismiss the complaint based on the plaintiffs' failure to comply with court-ordered discovery. On the same day, a NYSCEF email notification concerning the defendant's motion was transmitted to the email service address of the plaintiffs' attorney. The plaintiffs failed to oppose the motion. In an order dated April 17, 2015 (hereinafter the default order), the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3126(3) to dismiss the complaint. The plaintiffs moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the default order. In an order dated July 1, 2016, the court denied the plaintiffs' motion.
The plaintiffs then moved for leave to renew and reargue their prior motion, inter alia, to vacate the default order. In an order dated January 29, 2019, the Supreme Court denied that branch of the plaintiffs' motion which was for leave to renew, and granted reargument, but, upon reargument, adhered to its prior determination. The plaintiffs appeal.
We agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination denying the plaintiffs' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the default order. A party seeking to vacate an order entered upon its failure to oppose a motion is [*2]required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284; Garcia v Shaw, 118 AD3d 943; Karamuco v Cohen, 90 AD3d 998). Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and unsubstantiated claim of law office failure or mere neglect does not amount to a reasonable excuse (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; Assevero v Rihan, 144 AD3d 1061, 1063; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
The plaintiffs' excuse of law office failure was supported by an associate's affirmation which stated that his office never received a hard copy of the electronically filed motion and that the paralegal assigned to, among other things, calendar motions had been terminated. There was no affirmation from the managing member of the law firm to whose email address the NYSCEF email notification had been transmitted and no indication in the associate's affirmation that he had any personal knowledge regarding that email notification. Furthermore, the plaintiffs failed to demonstrate a potentially meritorious opposition to that branch of the defendant's motion which was pursuant to CPLR 3126(3) to dismiss the complaint based upon their failure to comply with court-ordered discovery (see Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687).
Moreover, we agree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was for leave to renew their prior motion, inter alia, to vacate, as the newly submitted facts would not have changed the prior determination (see CPLR 2221[e][2]; Cullin v Lynch, 148 AD3d 670), and the plaintiffs failed to proffer a reasonable justification for their failure to present the new facts on the prior motion (see CPLR 2221[e][3]; Matter of Nelson v Allstate Ins. Co., 73 AD3d 929).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court