Stango v Byrnes (2021 NY Slip Op 06877)





Stango v Byrnes


2021 NY Slip Op 06877


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-04392
 (Index No. 707656/15)

[*1]Leonard Stango, appellant,
v
Karen Byrnes, etc., respondent.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York, NY (Howard Schatz of counsel), for appellant.
Karen L. Lawrence (Sweetbaum, & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered March 8, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court entered February 2, 2017, granting the defendant's unopposed motion for summary judgment dismissing the complaint, and thereupon to deny the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order entered March 8, 2018, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the order entered February 2, 2017, and thereupon to deny the defendant's motion for summary judgment dismissing the complaint is granted, the order entered February 2, 2017, is vacated, and the defendant's motion for summary judgment dismissing the complaint is denied.
On March 3, 2015, the plaintiff allegedly was injured when he slipped and fell on snow and/or ice on the exterior steps of certain property owned by the defendant. In July 2015, the plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendant moved for summary judgment dismissing the complaint. That motion was initially returnable on October 20, 2016, but the return date was adjourned to December 8, 2016, with opposition papers to be served by November 21, 2016. The plaintiff served opposition to the motion on or about November 28, 2016, which was rejected as untimely. In an order entered February 2, 2017, the Supreme Court granted the defendant's motion for summary judgment.
Thereafter, the plaintiff moved, in effect, pursuant to CPLR 5015(a) to vacate the order entered February 2, 2017, and thereupon, to deny the defendant's motion for summary judgment dismissing the complaint, asserting, inter alia, that the deadline to serve opposition papers to the defendant's motion for summary judgment had been mis-diaried by counsel. In an order entered March 8, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a [*2]potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Garcia v City of New York, 189 AD3d 788, 788). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court may excuse delay or default resulting from law office failure (see Garcia v City of New York, 189 AD3d at 788-789). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Hamilton v New York Hosp. Queens, 183 AD3d 621, 622; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614).
Here, given the totality of all relevant factors, including the delay of only approximately seven days from the due date for opposition papers to the time the plaintiff served opposition papers, the lack of any evidence of willfulness by the plaintiff, or prejudice to the defendant from the delay, and the strong public policy in favor of resolving cases on the merits, the Supreme Court improvidently exercised its discretion in not accepting the plaintiff's excuse of law office failure (see Garcia v City of New York, 189 AD3d at 789; Narvaez v City of New York, 171 AD3d 764, 765). Moreover, the plaintiff demonstrated that he had a potentially meritorious opposition to the defendant's motion for summary judgment. Accordingly, the court should have granted that branch of the plaintiff's motion which was to vacate the order entered February 2, 2017, and thereupon considered the merits of the plaintiff's opposition to the defendant's motion (see Paul v Weatherwax, 146 AD3d 792, 793-794).
With regard to the merits of the defendant's motion for summary judgment, the defendant established her prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff, who lived at the premises, had a verbal agreement to perform daily maintenance of the property, including taking care of snow and ice conditions on the premises (see Bartels v Eack, 164 AD3d 1202, 1202-1203). However, in opposition to the defendant's prima facie showing, the plaintiff raised a triable issue of fact as to whether he was responsible for snow and ice removal, by submitting his affidavit, wherein he averred that he had not been involved in snow and ice removal for decades, which he was physically unable to perform. Moreover, the plaintiff raised a triable issue of fact as to whether the snow and/or ice condition was present for a sufficient length of time before the accident so as to constitute constructive notice of the condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Olivieri v GM Realty Co., LLC, 37 AD3d 569, 570).
Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the order entered February 2, 2017, and thereupon denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court