U.S. Bank N.A. v Stathakis (2022 NY Slip Op 01064)





U.S. Bank N.A. v Stathakis


2022 NY Slip Op 01064


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-11111
 (Index No. 707420/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Stavros Stathakis, appellant, et al., defendants.


Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Andreas Christou of counsel), for appellant.
Houser LLP, New York, NY (Jordan W. Schur and Kathleen M. Massimo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stavros Stathakis appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered August 16, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 5015(a) and 22 NYCRR 202.48 to vacate so much of an order of the same court (Timothy J. Dufficy, J.) dated September 15, 2016, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference.
ORDERED that the order entered August 16, 2019, is affirmed insofar as appealed from, with costs.
In July 2006, the defendant Stavros Stathakis (hereinafter the defendant) executed a note in the sum of $335,700 in favor of Columbia Home Loans, LLC, doing business as Brokers Funding Services, Co. (hereinafter Columbia), which was secured by a mortgage on certain real property in Maspeth. In April 2007, the plaintiff, Columbia's successor in interest, commenced an action to foreclose the mortgage, which was discontinued by a stipulation dated March 17, 2009. In June 2009, the plaintiff commenced another action to foreclose the mortgage against, among others, the defendant, which resulted in the entry of a judgment of foreclosure and sale in favor of the plaintiff. However, in an order dated September 6, 2011, the Supreme Court granted the plaintiff's motion, inter alia, to vacate the judgment of foreclosure and sale based on a defect in service of the 90-day notice required under RPAPL 1304.
On October 14, 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Thereafter, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant did not oppose the plaintiff's motion. In an order dated September 15, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
In April 2019, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a) and 22 NYCRR 202.48 to vacate so much of the order dated September 15, 2016, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference. In a supporting affidavit, the defendant averred that his former attorney "engaged in serious misconduct" by failing to oppose the plaintiff's motion and that he had relied on his former attorney's representations that "everything was fine." In an order entered August 16, 2019, the Supreme Court, inter alia, denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a) and 22 NYCRR 202.48 to vacate portions of the order dated September 15, 2016. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). "'A party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient'" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886, quoting LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707).
Here, the defendant's assertions that his former attorney neglected to oppose the plaintiff's motion and led him to believe that "everything was fine" were conclusory and unsubstantiated, and thus, were insufficient to establish a reasonable excuse for his default (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886-887; cf. Weekes v Karayianakis, 304 AD2d 561, 562). Since the defendant failed to establish a reasonable excuse for his default, it is not necessary to consider whether he demonstrated a potentially meritorious opposition to the plaintiff's motion (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 887). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated September 15, 2016, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference.
The parties' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court