Giotis v Besser (2022 NY Slip Op 04538)

Giotis v Besser

2022 NY Slip Op 04538

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-09942
 (Index No. 709155/15)

[*1]George Giotis, et al., appellants, 
v
Walter A. Besser, et al., defendants, Magdelaine Rivera, etc., at al., respondents.

The Paglinawan Firm (James S. Paglinawan and Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O' Donoghue, J.), entered July 8, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of a judgment of the same court entered April 30, 2018, as dismissed the complaint insofar as asserted against the defendants Magdelaine Rivera and New York Hospital Queens.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 28, 2014, the plaintiff George Giotis (hereinafter the injured plaintiff) allegedly suffered a stroke after undergoing knee replacement surgery on June 26, 2014, at the defendant New York Hospital Queens. The injured plaintiff, and his wife suing derivatively, commenced the instant action to recover damages for medical malpractice against, among others, the defendants Magdelaine Rivera and New York Hospital Queens (hereinafter together the respondents). It was alleged, among other things, that the respondents failed to properly monitor the hemodynamic status of the injured plaintiff, thereby causing his stroke, and failed to timely diagnose and treat his stroke.
The respondents and the defendant Lena Daniel moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs failed to timely oppose the motion, and in an order dated February 16, 2018, the Supreme Court, among other things, granted the motion. As is relevant to this appeal, a judgment was entered on April 30, 2018, in favor of, among others, the respondents and against the plaintiffs, dismissing the complaint insofar as asserted against the respondents. The plaintiffs thereafter moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as dismissed the complaint insofar as asserted against the respondents. In an order entered July 8, 2019, the court denied the plaintiffs' motion. The plaintiffs appeal.
A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see id.; U.S. Bank N.A. v Stathakis, 202 AD3d 1026; Stango v Byrnes, 200 AD3d 821; Garcia v City of New York, 189 AD3d 788, 788; Hamilton v New York Hosp. Queens, 183 AD3d 621, 622; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim "is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see e.g. U.S. Bank N.A. v Stathakis, 202 AD3d at 1026; see also Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915). However,"mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the plaintiffs' assertions of law office failure were conclusory and unsubstantiated, and thus, were insufficient to establish a reasonable excuse for their default in opposing the motion for summary judgment (see U.S. Bank N.A. v Stathakis, 202 AD3d at 1026; Ki Tae Kim v Bishop, 156 AD3d at 777). Since the plaintiffs failed to establish a reasonable excuse for their default, it is not necessary to consider whether they demonstrated a potentially meritorious opposition to the motion (see U.S. Bank N.A. v Stathakis, 202 AD3d at 1026; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the judgment entered April 30, 2018, as dismissed the complaint insofar as asserted against the respondents.
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court