Fidelity Bank v John (2022 NY Slip Op 04952)

Fidelity Bank v John

2022 NY Slip Op 04952

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-01134
 (Index No. 503502/15)

[*1]Fidelity Bank, respondent, 
v
Tabitha John, appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tabitha John appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 2, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate (1) an order of the same court dated July 20, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Tabitha John, to strike her answer, and for an order of reference, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated August 1, 2018.
ORDERED that the order dated December 2, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Tabitha John (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn. The defendant interposed an answer. Thereafter the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant did not oppose the motion. In an order dated July 20, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and appointed a referee to ascertain and compute the amount due to the plaintiff.
The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant again failed to submit opposition. In an order and judgment of foreclosure and sale dated August 1, 2018, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Thereafter, the defendant moved, among other things, to vacate the order dated July 20, 2016, and the order and judgment of foreclosure and sale. By order dated December 2, 2019, the court, inter alia, denied those branches of the motion. The defendant appeals.
A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991). The determination of what constitutes a reasonable excuse is within the sound [*2]discretion of the Supreme Court (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705). Here, the defendant failed to set forth a reasonable excuse for her default in opposing either of the plaintiff's motions. In the absence of a reasonable excuse, it was unnecessary for the Supreme Court to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious opposition to either of the motions (see Garcia v Shaw, 118 AD3d 943).
Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were to vacate the order dated July 20, 2016, and the order and judgment of foreclosure and sale.
The defendant's remaining contentions either need not be addressed in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court