Codrington v Churcher (2022 NY Slip Op 05517)

Codrington v Churcher

2022 NY Slip Op 05517

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-08561
 (Index No. 506324/17)

[*1]Robert F. Codrington II, appellant, 
v
Samuel Churcher, respondent.

Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 18, 2020. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court (Johnny Lee Baynes, J.) dated December 5, 2019, granting the defendant's motion for summary judgment dismissing the complaint, upon the plaintiff's failure to appear at oral argument.
ORDERED that the order dated October 18, 2020, is affirmed, with costs.
In March 2017, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a motor vehicle he was operating was involved in an accident with a motor vehicle owned and operated by the defendant. The defendant moved for summary judgment dismissing the complaint. In an order dated December 5, 2019, the Supreme Court granted that motion upon the plaintiff's failure to appear at oral argument. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated December 5, 2019, asserting an excuse of law office failure. In an order dated October 18, 2020, the court denied the plaintiff's motion. The plaintiff appeals.
To vacate the order dated December 5, 2019, the plaintiff was required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the defendant's motion for summary judgment (see CPLR 5015[a][1]; U.S. Bank N.A. v Stathakis, 202 AD3d 1026; Stango v Byrnes, 200 AD3d 821; Garcia v City of New York, 189 AD3d 788, 788; Hamilton v New York Hosp. Queens, 183 AD3d 621, 622; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (see Stango v Byrnes, 200 AD3d at 821; Garcia v City of New York, 189 AD3d at 788-789; Hamilton v New York Hosp. Queens, 183 AD3d at 622; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim "is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see U.S. Bank N.A. v Stathakis, 202 AD3d at 1026; see also Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; [*2]Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d at 1284; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915). "[M]ere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
The plaintiff's undetailed, conclusory, and unsubstantiated allegations of law office failure are insufficient to demonstrate a reasonable excuse for the default in this case (see Redding v JQ III Assoc., LLC, 204 AD3d 849; U.S. Bank N.A. v Stathakis, 202 AD3d at 1028; Halvatzis v Perrone, 199 AD3d 788; Emigrant Sav. Bank v Burke, 199 AD3d 652; Bank of Am., N.A. v Murjani, 199 AD3d 630). In light of the foregoing, we need not consider whether the plaintiff demonstrated a potentially meritorious opposition to the defendant's motion for summary judgment (see Redding v JQ III Assocs., LLC, 204 AD3d 849; U.S. Bank N.A. v Stathakis, 202 AD3d at 1026; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, among other things, pursuant to CPLR 5015(a)(1) to vacate the order dated December 5, 2019.
The parties' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court