| **Palm Ave. Hialeah Trust v Knowles** |
|:---:|
| 2026 NY Slip Op 30644(U) |
| February 27, 2026 |
| Supreme Court, Queens County |
| Docket Number: Index No. 703456/20 |
| Judge: Timothy J. Dufficy |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**Short Form Order**

### NEW YORK SUPREME COURT - QUEENS COUNTY

PRESENT: HON. TIMOTHY J. DUFFICY      **PART 35**
            Justice

-------------------------------------------------------------------------x

**PALM AVENUE HIALEAH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEAH TRUST, SERIES 2014-1,**

**Index No.: 703456/20**
**Mot. Date: 7/29/25**
**Mot. Seq. 8**

                  **Plaintiff,**
     -against-

**HAROLD KNOWLES, THE CHASE MANHATTAN BANK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, BARBARA FOLKES, JEAN FOLKES, JEANPAUL FOLKES, "JOHN DOE" REFUSED NAME, JOSHUA TOMLINSON, and TREVOR FOLKES,**



                 **Defendants.**
-------------------------------------------------------------------------x

The following papers were read on this motion via Order to Show Cause (application) by defendant Harold Knowles for an order, *inter alia*, vacating his default, pursuant to CPLR 5015; dismissing the Complaint, pursuant to CPLR 3211(5); and, discharging the mortgage pursuant to CPLR 213(4), Foreclosure Abuse Prevention Act S.5473-S, and RPAPL §§ 1501(4) and 5015(a).

| | PAPERS NUMBERED |
|---|---|
| Order to Show Cause (Signed)-Affirmation-Exhibits......... | EF 212; EF 197-199 |
| Affidavit of Service................................................................ | EF 217 |
| Affirmation in Opposition-Affidavits-Exhibits.................. | EF 213-215 |
| Reply Affidavit...................................................................... | EF 218 |
| Notice of Rejection.............................................................. | EF 219 |

Upon the foregoing papers, it is ordered that this motion by Order to Show Cause (application) by defendant Harold Knowles (defendant/Knowles) is hereby denied.

This is an action to foreclose a residential mortgage on the property, located at Block 15737, Lot 64; and, also known as 2536 Beach Channel Drive, Far Rockaway, in Queens County (Subject Premises).

Defendant Knowles moves for an order vacating his default in opposing the plaintiffs' prior motion, pursuant to CPLR 5015; dismissing the Complaint, pursuant to CPLR 3211(5); and, discharging the subject mortgage, pursuant to CPLR 213(4), the Foreclosure Abuse Prevention Act (FAPA), and RPAPL §§ 1501(4) and 5015(a).

1

[* 1]

At the outset, the Court notes that the Affirmation in Reply filed by the defendant, on July 18, 2025 (NYSCEF Doc. No. 218), has not been considered, as it was filed without leave of the Court (*See* 22 NYCRR § 202.8-d).

By way of background, defendant Knowles had moved, under Motion Sequence No. 5, for an order "discharging the mortgage pursuant to the new foreclosure act, Foreclosure Abuse Prevention Act S.5473-S, (FAPA), CPLR 213(4) and RPAPL 1501." By Order, dated July 31, 2024 and entered on August 1, 2024, defendant's motion was granted and the action was dismissed, as being time barred (July 2024 Order). Thereafter, the plaintiffs moved, under Motion Sequence No. 7, for leave to renew and reargue the July 2024 Order and, upon re-argument, for an order denying the defendant's prior motion and vacating the July 2024 Order. Plaintiff's motion was granted, without opposition, by Order, dated and entered on May 16, 2025 (NYSCEF Doc. No. 193), and the July 2024 Order was therefore vacated and set aside (May 2025 Order).

Defendant now moves to vacate his default in failing to oppose the plaintiffs' prior motion, under Motion Sequence No. 7.

A party seeking to vacate an order entered upon its failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see *Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284 [2d Dept 2014]; *Garcia v Shaw*, 118 AD3d 943 [2d Dept 2014]; *Karamuco v Cohen*, 90 AD3d 998 [2d Dept 2011]). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (*see Giglio v NTIMP, Inc.*, 86 AD3d at 308 [2d Dept 2011]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752 [2d Dept 2014]). While a Court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), a conclusory, undetailed and unsubstantiated claim of law office failure or mere neglect does not amount to a reasonable excuse (*see Bank of N.Y. Mellon Trust Co., N.A. v Talukder*, 176 AD3d 772, 774 [2d Dept 2019]; *Assevero v Rihan*, 144 AD3d 1061, 1063 [2d Dept 2016]; *U.S. Bank, N.A. v Dorvelus*, 140 AD3d 850, 852 [2d Dept 2016]). "It was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (*see Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 553–554 [2d Dept 2001]; *Maruf v E.B. Mgt. Props., LLC*, 181 AD3d 670, 671–672 [2d Dept 2020]).

2

[* 2]

Here, the defendant's excuse of law office failure is only supported by an associate's affirmation, stating that "the action was e-filed, and my office did not see the e-filing and the motion went in without opposition." The Court notes that the instant action has been subject to electronic filing through the New York State Courts Electronic Filing System (NYSCEF), since its commencement and the parties have engaged in motion practice, via NYSCEF, since then. Further, the plaintiffs had moved, under Motion Sequence No. 7, on October 15, 2024. However, the motion was then adjourned to December 10, 2024, approximately two months after the original return date. As the defendant failed to submit any opposition papers, on December 10, 2024, the motion was marked as Fully Submitted with No Opposition. Under the circumstances, the defendant has not established a reasonable excuse in failing to timely oppose the plaintiffs' motion.

Since defendant Knowles failed to demonstrate a reasonable excuse for his default, the Court need not consider whether he offered a potentially meritorious opposition to the motion (*see Wells Fargo Bank, N.A. v Plaut*, 206 AD3d at 955 [2d Dept 2022]; *Bank of Am., N.A. v Murjani,* 199 AD3d at 631 [2d Dept 2021]).

Accordingly, it is

**ORDERED** that the application by defendant Harold Knowles is hereby denied.

**Dated: February 27, 2026**

**TIMOTHY J. DUFFICY, J.S.C.**



FILED
BOH 3/3/2026
COUNTY CLERK
QUEENS COUNTY

3