JPMorgan Chase Bank, N.A. v Reinhold

2026 NY Slip Op 02636

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

JPMorgan Chase Bank, National Association, respondent,

v

Benzion Joseph Reinhold, et al., appellants, et al., defendants

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-08693, (Index No. 521583/16)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Berg & David, PLLC, Inwood, NY (Sholom Wohlgelernter and Abraham David of counsel), for appellants.

McCalla Raymer Leibert Pierce, LLP, New York, NY (Brian P. Scibetta and Kyra Mercadier of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Benzion Joseph Reinhold and Beila Reizel Reinhold appeal from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated April 3, 2024. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 5015(a) to vacate an order of the same court dated March 23, 2022, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against those defendants upon their failure to answer the complaint.

ORDERED that the order dated April 3, 2024, is affirmed insofar as appealed from, with costs.

In February 2008, the defendant Benzion Joseph Reinhold (hereinafter Benzion) obtained a home equity line of credit (hereinafter the HELOC) from the plaintiff, JPMorgan Chase Bank, National Association, in the amount of $488,000. The HELOC was secured by a mortgage on certain real property located in Brooklyn (hereinafter the mortgage). The mortgage was executed by Benzion and Beila Reizel Reinhold (hereinafter together the defendants). In January 2011, Benzion allegedly defaulted on his obligations under the HELOC by failing to make monthly payments due. In June 2016, the plaintiff sent a notice of default.

In December 2016, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. In November 2017, the defendants' counsel filed a notice of appearance. Although the defendants' counsel participated in at least one foreclosure settlement conference, the defendants failed to interpose an answer.

In August 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. It is undisputed that the defendants failed to oppose the motion. By order dated March 23, 2022 (hereinafter the March 2022 order), the Supreme Court granted the plaintiff's motion. In November 2022, the defendants moved, among other things, pursuant to CPLR 5015(a) to vacate the March 2022 order. The plaintiff opposed the motion. The [*2]court, inter alia, denied that branch of the defendants' motion. The defendants appeal.

A party seeking to vacate an order entered upon their default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Deutsche Bank Natl. Trust Co. v Alpert, 241 AD3d 1265; U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028). Similarly, a party seeking to vacate a default in an action pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the failure to appear and answer the complaint and a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603; Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). "Although the court has discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused" (Prudence v White, 144 AD3d 655, 656). Specifically, "'[l]aw office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect'" (Rudsky v Schechtman, 219 AD3d 1453, 1454, quoting GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Moreover, a "claim of law office failure must be supported by a detailed and credible explanation of the default at issue, as mere neglect is not a reasonable excuse" (Lee v Latendorf, 162 AD3d 1002, 1003; see Rudsky v Schechtman, 219 AD3d 1453).

Here, the defendants proffered, in effect, law office failure as an excuse for both their failure to interpose an answer to the complaint and their failure to oppose the plaintiff's motion, inter alia, for leave to enter a default judgment against them. The defendants' contentions that they should not be held responsible for the actions of their prior counsel, whom the defendants contend "duped" them and caused the defaults, were insufficient to establish a reasonable excuse, as the defendants submitted no evidence to support their contention that these failures were the product of law office failure (see U.S. Bank N.A. v Stathakis, 202 AD3d at 1028). Other than Benzion's conclusory affidavit, which failed to provide any details as to the relationship between the defendants and their prior counsel, the defendants submitted no evidence to support their contention that their prior counsel "duped" them as to the progress of the litigation. Since the defendants failed to demonstrate a reasonable excuse for their defaults, this Court need not consider whether the defendants demonstrated the existence of potentially meritorious defenses to the action (see Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 847; Wells Fargo Bank, N.A. v Singh, 204 AD3d 732; U.S. Bank N.A. v Stathakis, 202 AD3d at 1028).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the March 2022 order.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court